## JAMES' Administrator *v.* ROGERS.

BANK NOTES.—No corporation has authority to issue promissory notes, except as it receives such authority through its charter, either expressly conferred, or as an incident to the purpose for which it was created.

PROMISSORY NOTES.—But the promissory notes of a private individual, issued in his own name, are not void, because they are in the similitude of bank notes, and intended to circulate as money.

APPEAL from the *Posey* Common Pleas.

RAY, CH. J.—*Rogers*, the appellee, filed in the Court of Common Pleas of *Posey* county the following claim, verified by affidavit:

" *The Estate of Enoch R. James*
*To Edmund J. Rogers, Dr.*

"To $62 in notes or checks, (commonly called *James'* money,) taken in payment of goods and in the way of change at or about the time of his said *James'* death, which notes are filed herewith.

" *State of Indiana, Posey County.*

" *Edmund J. Rogers* swears that, during the lifetime, and at or about the death, of *Enoch R. James*, he received in payment of goods, and in the way of change, twenty-four $2 notes and fourteen $1 notes or checks, signed by said *Enoch R. James* and *Lawrence James*, cashier, dated 1858, payable at the exchange and banking office of said *James*, they being the same notes or checks filed herewith, and that they remain due and wholly unpaid.

(Signed) " E. J. ROGERS."

Sworn and subscribed, etc.

The notes were filed, and the following is a sample of all:

" A. No.
[Vignette.]
[Figure.] STATE OF INDIANA. [Figure.]

"I will pay $2, on demand, at my exchange and banking office to the bearer.

"L. JAMES, *Cashier.* E. R. JAMES.
" *Mount Vernon, October* 4, 1858."

An agreement of counsel is annexed to the transcript, "that these notes are in the similitude of bank notes, and were issued by the intestate to be circulated as money, and were circulated as such, and were received by the appellee as such, not from said *James* or his administrator, but from third persons, in the way of trade."

*Spencer* filed a demurrer to the claim, and upon the court overruling the demurrer, took the proper exception, and the claim was allowed against the estate.

The appellant insists that the demurrer should have been sustained. This is predicated on the ruling of this court in *Brown and Others* v. *Killian*, 11 Ind. 449. In that case it was held that, "under the present constitution, no bank of issue, except a state bank, and free or private banks established pursuant to the provisions of the general banking law, can be established in this state. Notes, in the similitude of authorized bank notes, *issued by any other bank* of this state, to be circulated as money, are void; the issuers are not liable to pay them, and any consideration given for them may be recovered back."

The 1st and 2d sections of article 11 of the constitution are relied upon in the decision. They are as follows:

"Sec. 1. The General Assembly shall not have power to establish or incorporate any bank or banking company, or moneyed institution, for the purpose of issuing bills of credit or bills payable to order or bearer, except under the conditions prescribed in this constitution.

"Sec. 2. No bank shall be established otherwise than under a general banking law, except as provided in the 4th section of this article."

The 4th section provides for the charter of a state bank and branches.

No corporation has authority to issue its promissory notes, except, as it receives such authority through its charter, either expressly conferred, or as an incident to the purpose for which it was created. *Smead and Others* v. *The Indianapolis, Pittsburg, and Cleveland Railroad Company*,

11 Ind. 104. The provisions of the state constitution already quoted, are a limitation of the power of the legislature to confer such authority upon corporations, and we feel that this court, in the case cited, has gone as far as the most liberal and extended construction of the constitution will possibly justify, in holding that the members of a private partnership are released from the obligation of their contracts, because those contracts assume to be made in a corporate name, and are "in the similitude of authorized bank notes." We are not prepared to go beyond this, and declare a promissory note void, when issued by a private individual in his own name, simply because it is in other respects in the similitude of a bank note, and is intended to circulate as money. If such paper be objectionable, the remedy is, not by relieving from its obligation those who have issued it, and received valuable consideration therefor from innocent parties, but rather by imposing an additional liability to that already expressed in the contract.

Whatever liberality may have been heretofore shown by this court in its construction of the various provisions of the state constitution, for the purpose of effectuating its intent, we are not disposed to extend it by such a reading of the constitution as would bring paper of this description within its provisions, and render the same void in the hands of persons who have received it in good faith.

While corporations are but legal creations, with no powers beyond those conferred in their charters, the law is but a limitation of the rights of a natural person. Neither our organic law nor the statute forbids the latter from issuing his promissory notes, and embellishing them with all the ornaments his taste may tempt or his skill devise. The notes in question, are nothing more. They are in form and substance but ordinary promissory notes. The pictures on their face can not render them void.

The notes were issued in *October*, 1858. As we hold that they were valid when issued, they are not to be con-

trolled by the act which went in force *December* 24, 1858, authorizing a recovery upon unauthorized paper.

The judgment should be affirmed.

Judgment affirmed.

*A. G. Porter* and *W. P. Fishback,* for appellant.

*Alvin P. Hovey,* for appellee.